UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLYNN EREC SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6403** |
| **JERRY LARPENTER, ET AL.** | **SECTION "G" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.

**I.    Background**

   **A.    Factual Background**

The plaintiff, Glynn E. Smith, ("Smith") filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Sheriff Jerry Larpenter, Warden Major Thomas Cope, and Deputy Bailys, alleging that his noon diabetic meal tray was not delivered on August, 21, 2013, causing him to get hungry and feel sick.[1]

In his complaint, Smith alleges that at approximately noontime on August 21, 2013, no meal tray was delivered to him at his living quarters.[2] Smith states that his food tray is labeled and has his

---

[1]*See* R. Doc. 1, p. 5-6.

[2]*Id.* at 5.

name and DOC number written on it at all times to avoid confusion.[3] When no meal tray was served, Smith states that he notified the deputy, Officer Bailys, that the kitchen had not sent his diabetic meal to his dorm.[4]

At that time Smith claims that Officer Bailys told him that he was not going to notify the kitchen and that he did not care that a tray was not served to Smith. Smith further alleges that Deputy Bailys stated that if Smith did not like it, he could "f-----ng starve."[5] Smith stated that he tried to explain to Deputy Bailys that he was a diabetic but that Deputy Bailys refused to do anything to remedy the situation.[6]

Smith alleges that on this same day, he started to feel very sick and felt as if he was going into a diabetic shock between the noon meal and the supper meal.[7] Smith complains that if it had not been for the two (2) inmates who had a little food left over from the noon meal, he would have gone into a diabetic coma and possibly died due to Deputy Bailys' actions.[8]

Smith further alleges that later that same day, he filed a first step grievance against Deputy Bailys for his actions.[9] On August 23, 2013, Lt. Mitch Dupre answered his grievance.[10]

---

[3] *Id.*

[4] *Id.* at 5-6.

[5] *Id.* at 6.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

2

## II. Standard of Review for Frivolousness

Titles 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see* Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. The Supervisory Officials

Smith has named as defendants two supervisory officials at the Terrebonne Parish Criminal Justice Complex, Sheriff Jerry Larpenter ("Larpenter") and Warden Major Thomas Cope ("Cope").

However, Smith does not assert any allegations against Larpenter or Cope nor does he allege that Larpenter was made personally aware of Deputy Bailys' actions and the consequences about which he complains. Smith did complain about the situation to Cope through the grievance process. However, that does not affect the analysis of Smith's claim as it relates to Cope.

Supervisory officials, like these defendants, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). A supervisory official may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

Smith does not allege that these supervisory officials were present for, or personally, involved in, his noon diabetic meal tray not being delivered or any of the alleged complaints he has against Deputy Bailys. Smith also has not alleged that he suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff or Warden which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-125 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, Smith appears to have named these officials simply because of their supervisory

roles at the Terrebonne Parish Criminal Justice Complex. Thus, his claims against Larpenter and Cope are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915 (e), § 1915A, and § 1997e.

**B. Lack of Physical Injury**

Although Smith may allege a viable claim against Deputy Bailys, the claim should be dismissed because Smith does not allege that he suffered any physical injury as a result of his noon diabetic meal tray not being delivered. Smith only alleges that the nondelivery caused him to be hungry and to feel sick but no physical injury.

Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Tate v. Gusman*, 459 F. Supp. 2d 519, 524 (E.D. La. 2006).

In this case, Smith does not allege that he sustained a physical injury as a result of missing his noon meal. While he indicates that he is diabetic, he does not allege that the failure to provide him with food caused him any physical harm. Smith merely alleges a speculative consequence of missing the meal but not an actual consequence. Therefore, Smith's claim that he was hungry and felt sick as a result of this matter should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915e(2) and 42 U.S.C. § 1997(e)(1).

**IV. Recommendation**

**IT IS RECOMMENDED** that Smith's § 1983 claims against the defendants, Sheriff Jerry Larpenter, Warden Major Thomas Cope, and Deputy Bailys be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief

against an immune defendant pursuant to § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[11]

New Orleans, Louisiana, this 10th day of June, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[11]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.