## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLYNN EREC SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO.  13-6403** |
| **JERRY LARPENTER, et al.** | **SECTION  "G"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff Glynn Erec Smith's ("Plaintiff") objection[1] to the June 10, 2014,

Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff,

a state prisoner in the Terrebonne Parish Criminal Justice Complex, filed a complaint pursuant to

42 U.S.C. § 1983 against Sheriff Jerry Larpenter ("Larpenter"), Warden Major Thomas Cope

("Cope") and Deputy Bailys ("Bailys") alleging that his diabetic meal tray was not delivered at noon

on August 21, 2013.[3] The Magistrate Judge recommends that the Court dismiss with prejudice

Plaintiff's complaint.[4] Plaintiff objects to the Magistrate Judge's Report and Recommendation

arguing that he became weak due to prison officials' failure to provide him with his proper diet.[5] He

asserts that this conduct was "cruel and extremly [sic] excessive and unusual punishment."[6] After

reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections,

---

[1] On July 8, 2014, Plaintiff filed an objection to the Report and Recommendation. (Rec. Doc. 11). The Clerk of Court marked the objection as deficient because Plaintiff had not included the following information: (1) the name of this Court, title, docket number, section and magistrate judge number; (2) the filer's name, address and telephone number below his signature; or (3) a certificate of service. (Rec. Doc. 12 at 3). The Clerk of Court provided Plaintiff with a deficiency remedy date of July 29, 2014, but Plaintiff failed to provide the requested information. *Id.* Because Plaintiff is proceeding *pro se*, the Court will consider the arguments made in his deficient objection to the Report and Recommendation.

[2] Rec. Doc. 8.

[3] Rec. Doc. 1 at 5.

[4] Rec. Doc. 7.

[5] Rec. Doc. 11 at 2.

[6] *Id.*

the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Magistrate Judge's Report and Recommendation and dismiss this action with prejudice.

## I.  Background

### A.  *Factual Background*[7]

Plaintiff filed the instant complaint on November 18, 2013.[8] He alleges that on August 21, 2013, prison officials failed to deliver his noon meal to his prison quarters.[9] He asserts that he is suppose to be served a special dietary meal due to his diabetes.[10] He alleges that he informed Bailys of the issue, but the officer refused to do anything to remedy the situation.[11] He contends that he began to feel sick and "felt as if [he] was going into diabetic shock between the noon meal and the supper meal."[12] Plaintiff complains that if it had not been for the two inmates who had a little food left over from the noon meal, he would have gone into a diabetic coma and possibly died due to Bailys' actions.[13] Therefore, he seeks ten thousand ($10,000 ) dollars in monetary damages.[14]

---

[7] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[8] Rec. Doc. 1.

[9] *Id*. at 5.

[10] *Id*.

[11] *Id*. at 6.

[12] *Id*.

[13] *Id*.

[14] *Id*. at 5.

**B.  Report and Recommendation Findings**

On June 10, 2014, the Magistrate Judge recommended that Plaintiff's claims be dismissed as frivolous.[15] She found that supervisory officials, like Larpenter and Cope, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights.[16] She noted that the supervisory officials may only be liable under § 1983 if they were "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[17] She found that Plaintiff had not alleged that Larpenter or Cope were present for, or personally involved in his noon diabetic meal tray not being delivered or any of the alleged complaints he has against Bailys.[18] Further, she found that Plaintiff had not alleged that "he suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff or Warden which would create vicarious liability."[19] Accordingly, she found Plaintiff's § 1983 claims against Larpenter and Cope were frivolous and otherwise failed to state a claim for which relief could be granted.[20]

The Magistrate Judge also recommended that the claim against Bailys be dismissed as frivolous and for failure to state a claim for which relief could be granted.[21]

---

[15] Rec. Doc. 8 at 6.

[16] *Id.* at 4 (citing *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)).

[17] *Id.* (quoting *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)).

[18] *Id.*

[19] *Id.* (citing *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991)).

[20] *Id.*

[21] *Id.* at 5.

### C. Plaintiff's Objections

On July 8, 2014, Plaintiff attempted to file an objection to the Magistrate Judge's Report and Recommendation.[22] He contends that the failure of prison officials to deliver the meal was "torture" because of "the reaction [his] body went [through]."[23] Plaintiff argues that he became weak due to prison officials' failure to provide him with his proper diet.[24] He asserts that this conduct was "cruel and extremly [sic] excessive and unusual punishment."[25]

## II.  Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend their disposition to the District Court Judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[26] A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[27]  The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[28] However, a District Court's review is limited to plain error of parts of the report which are not properly objected to.[29]

---

[22] Rec. Doc. 11.

[23] *Id.* at 2.

[24] *Id.*

[25] *Id.*

[26] 28 U.S.C. § 636(b)(1)(B).

[27] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[28] Fed. R. Civ. P. 72(b)(3).

[29] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

*B. Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[30] A complaint is frivolous if it lacks an arguable basis in law or fact.[31] A claim has no arguable basis in law if "it is based on an indisputably meritless legal theory."[32] It lacks a basis in fact if "the facts alleged are clearly baseless."[33] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[34]

## III.  Law and Analysis

*A. Plaintiff's Claim Against the Supervisory Officials*

Plaintiff does not object to the Magistrate Judge's finding that his claim against the supervisory officials should be dismissed . Supervisory officials, Larpenter and Cope cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights.[35] Plaintiff does not alleged that Larpenter or Cope were present for, or personally involved in his noon diabetic meal tray not being delivered or any of the alleged complaints he has against Bailys.[36] Further, Plaintiff does not allege that he suffered any injury as a result of any directive, supervised training or activity,

---

[30] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[35] *Alton*, 168 F.3d at 200.

[36] *See Douthit*, 641 F.2d at 346.

or other policy set forth by Larpenter or Cope which would create vicarious liability.[37] Accordingly, reviewing for plain error and finding none, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claim against Larpenter and Cope should be dismissed as frivolous and for otherwise failing to state a claim for which relief could be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

### B. Plaintiff's Claim Against Deputy Bailys

The Magistrate Judge recommended that Plaintiff's claim against Bailys be dismissed because Plaintiff did not allege that he suffered any physical injury as a result of his noon meal not being delivered. Plaintiff objects arguing that he became weak due to prison officials' failure to provide him with his proper diet. He contends that the failure of prison officials to deliver the meal was "torture" because of "the reaction [his] body went [through]."

42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." The Fifth Circuit has held that state prisoners are precluded from recovering compensatory damages where no physical injury occurred.[38] Here, Plaintiff seeks only monetary compensatory damages in the amount of $10,000.00. In his objections to the Report and Recommendation he alleges that he became weak, but he does not allege that the failure to deliver his noon meal caused him any physical harm. Plaintiff alleges speculative consequences that could have resulted from missing his meal, including the possibility of a diabetic coma causing death. However, he has not alleged any

---

[37] *See Thompson*, 245 F.3d at 459.

[38] *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014).

actual physical injury. Accordingly, on *de novo* review, the Court finds that Plaintiff's claim against Bailys should be dismissed  as frivolous and for failure to state a claim for which relief could be granted pursuant to 28 U.S.C. § 1915e(2) and 42 U.S.C. § 1997e(e).

### IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court adopts in part the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __8th__ day of July, 2015.

_____

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**